UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                          No. 01-4585

CLIFTON ADIANSHINGH,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-00-207)

Submitted: June 13, 2002

Decided: June 27, 2002

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Nelson R. Bickley, BICKLEY & JACOBS, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Clifton Adianshingh appeals his conviction and sentence following his guilty plea to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g), 924(a)(2) (West 2000). Adianshingh claims his plea was unknowing and involuntary and that he should have been allowed to withdraw the plea.

Adianshingh's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues presented in this appeal, but raising questions as to whether Adianshingh's plea was knowing and voluntary and whether the court properly denied his request to withdraw the plea. Adianshingh was notified of his right to file a supplemental brief and has elected not to do so.

We closely scrutinize the plea colloquy between a prisoner and the district court. The plea colloquy attaches a strong presumption that the plea is final and binding if the proceeding was adequately conducted in conformity to Fed. R. Crim. P. 11. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). Our examination of the record demonstrates that the district court adequately followed Rule 11's directives. Moreover, Adianshingh presents no evidence that would rebut the presumption that his plea was knowing and voluntary. We thus reject his claim to the contrary.

We also reject Adianshingh's contention that he should have been allowed to withdraw his plea. No relevant factor supported his request to withdraw his plea. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Accordingly, we affirm the judgment of the district court.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*